DORENBERG *v.* OCKERMAN.

1. MORTGAGES—TAX TITLE—PURCHASE FOR BENEFIT OF MORTGAGOR.

　　Where a mortgagor negotiates the purchase of a tax title, taking a conveyance to his brother-in law under an agreement

by which the latter contracts to sell to the mortgagor's wife upon the repayment of the purchase price, and which he has in large part paid, the transaction will be considered one in the interest of the mortgagor. [1]

2. SAME—FORECLOSURE—COVENANTS.

In a suit to foreclose the mortgage, the holder of the tax title cannot defend on the ground that the wife was not bound by the covenants in the mortgage, and therefore not incapacitated from purchasing the tax title.

Appeal from Montcalm; Davis, J. Submitted January 28, 1902. (Docket No. 82.) Decided March 18, 1902.

Bill by Edward J. Dorenberg and Elizabeth Dorenberg against William M. Ockerman, Lucy Ockerman, and John W. Salmon to foreclose a mortgage. From a decree for complainants, defendant Salmon appeals. Affirmed.

Bill to foreclose a mortgage given by defendants William M. Ockerman and wife. The land was sold for taxes accruing after the giving of the mortgage, and defendant Salmon, Mrs. Ockerman's brother, on the urgent appeal of Mrs. Ockerman, bought the title of the grantee of the State, paying $75 for it, and executed a so-called lease to Mrs. Ockerman, in which he agreed to rent the premises to Mrs. Ockerman for a term of five years at $25 per year, Mrs. Ockerman to pay the taxes and insurance, and by which he further agreed to sell the premises to her, at any time during the life of the lease, for $100 and interest, applying the rent upon the purchase price. The deed to Salmon and the so-called lease were drawn by Mrs. Ockerman's attorney, without consulting Salmon, and Salmon consented to the arrangement. At the time of the trial, Mr. Ockerman had paid Salmon over $50,—it does not appear definitely how much, Salmon testifying that money paid by Ockerman on the defense in the present case was to be applied on the purchase price,—and it was understood between the parties that, when Mr. Ockerman had

---

[1] See *Baker* v. *Union Trust Co.*, 129 Mich. 581 ( 89 N. W. 345 ), for a similar case of purchase by a husband in the name of the wife.

paid the full $100 and interest, defendant Salmon should, if requested, deed to Mrs. Ockerman. It does not appear that Mrs. Ockerman has herself ever paid anything on the lease. The court found that Salmon had no title or equity as against complainants, but held his title in trust for the use and benefit of Ockerman.

*N. O. Griswold,* for complainants.

*George E. & M. A. Nichols,* for appellant.

MONTGOMERY, J. (*after stating the facts*). The defendants seek to give the case the color of an absolute purchase by Salmon and a sale to Mrs. Ockerman, and contend that there was nothing in the relation of Mrs. Ockerman to the mortgaged property which incapacitated her from becoming a purchaser of the tax title, as she was not bound by the covenants of the mortgage. We do not find it necessary to enter into any extended discussion of the law of the case on the assumption that Mrs. Ockerman was the real purchaser. It is true the parties sought to give the transaction that complexion, but we do not so find the fact. The testimony shows that Ockerman himself negotiated the purchase from Brown, and it also appears by defendant Salmon's own testimony that Ockerman has repaid him the purchase price, in large part. We are fully satisfied, therefore, that this transaction was one in the interest of Ockerman, and that he has furnished all the funds which have been applied to the repayment of Salmon.

The only doubt we have is as to whether Salmon has been fully repaid. The facts relating to this question rested peculiarly within the knowledge of Salmon himself, and he, while admitting that he had received $50 to $75, was unable to tell whether Ockerman had, in addition, paid, in expenses of litigation,—which were, by agreement, to be applied upon the purchase price,—enough to satisfy the remainder of the purchase price. Under these

circumstances, we are not disposed to disturb the decree below.

Decree affirmed, with costs.

HOOKER, C. J., MOORE and GRANT, JJ., concurred. LONG, J., did not sit.